IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SPENCER LEE, )<br>)<br>      **Plaintiff,** )<br>)<br>      v. )<br>)<br>PAMELA BONDI, )<br>**Attorney General of the United States** )<br>)<br>      **Defendant.** )<br>) | Case No. 25-cv-1125 (JMC) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 7(i) and (m), and the Court's Amended Scheduling Order dated 01/06/2026. Plaintiff Spencer Lee, through her undersigned counsel, hereby moves the Court for leave to file a first Amended Complaint in the above captioned case.[1]

As grounds therefore, Plaintiff provides as follows:

**STATEMENT OF FACTS**

Plaintiff Spencer M. Lee, was a member, of the original Class Action against Defendant - *Bird et al, v. William Barr*, Case 1:19-cv-01581-JMC, ECF Doc. 1, which was filed on 05/29/2019. Plaintiff was identified in that case as "L.M." In that case, at pp 17-18, ¶¶ 48-52, under individual "Class Allegations", L.M.'s factual allegations, were compressed and abridged to less than full two (2) pages, with only four (4) paragraphs, even though her allegations were

---

[1] Plaintiff 's counsel conferred with Defendant's counsel about this motion. He stated that Defendant intends to oppose the amendment.

different and spanned a longer space of time – from KC, to Quantico, than the others. See ECF Doc.1, pp 42-44, ¶¶ 105-108. In the same Class Action's Fourth Amended Complaint, (where she was identified as Spencer Lee), Plaintiff's individual factual allegations were only captured in less than full three (3) pages. See *Bird, …Spencer Lee, et al, v. Merrit Garland*, Case 1:19-cv-01581-JMC, ECF Doc.74, pp 29-31, ¶¶ 102-108. After Ms. Lee's name, was severed from the Class Action, and paired with Erika Wesley in the Sixth Amended Complaint, her individual factual allegations were still abridged to less than full three (3) pages, while Erika Wesley's allegations, were captured in full nine (9) pages, despite the fact that Ms. Lee's allegations were clearly different, and spanned a longer space of time, than Ms. Wesley's, - from KC, to Quantico. Also, while Erika Welsley's hostile work environment, and retaliation claims were included in the Sith Amended Complaint, Ms. Lee's was not, even though she too was subjected to same, egregious, abhorrent, and unacceptable sexualized harassment/ hostile work environment, and retaliation, of same continuous nature and level, if not more.

    Notably, Ms. Lee, consistently, and continuously complained, and requested that Class Counsel include her full facts and claims in the original complaint, and subsequent amendments, but was told that they will not be included because it "will mess the class." After Ms. Lee's name was severed from the Class Action, and Class counsel, withdrew as her counsel, and she retained new counsel, Ms. Lee, again, requested that her new counsel include her full facts and claims, but he too refused to do so.

    Plaintiff, at all times, have been diligent in protecting, and pursuing her legal interests in this litigation – expressly and consistently demanding that all complaints with her name, include her full facts and claims.

Since Ms. Lee's name has been severed from all class action complaints, including that with Ms. Wesley, and the shackles that Class Counsel and her former counsel unfairly and unreasonably, put on her claims, have been removed as a result, she strongly believes that the Amended Complaint, that she is now asking the Court for leave to file, would be properly operative as her individual suit, and as such, justice requires that she be allowed to finally and fully state the facts and claims of her case against Defendant.

Furthermore, and crucially relevant, because without Kansas City, there would have been no Quantico, or the opportunity for all the unlawful conducts by Defendant and its agents, against Ms. Lee. That is to say, without Ms. Lee being hired and assigned to work as an Investigative Specialist in KC, in the first place, there would not have been any transfer or "Involuntary Reassignment" of Ms. Lee, to Quantico, but for, the discrimination, harassment, hostility, and retaliation, that was perpetuated against her during her tenure in Kansas City Missouri office, as an FBI Investigative Specialist. But hardly was there any mention of KC, or the facts, or claims relating to the many intentional unlawful and egregious actions and comments, made by FBI agents, against Ms. Lee, in its KC office, in the Class Action, its subsequent amendments, and the Sixth Amended Complaint.

On 04/18/2025, the Court Ordered, and noted relevantly, in its docket, among other things that: "All filings related to Plaintiff Lee shall be filed in 25cv 1125 and not in Bird or any other related case." Plaintiff believes that her amendment to the Sixth Amended Complaint, that she is now, requesting the Court's leave for her to file, comports with that Order.[2]

---

[2] A copy of the Amended Complaint is attached as Exhibit A, (original marked copy), and Exhibit B, (clean copy).

Ms. Lee, retained her present counsel, long after her name was severed from the Sixth Amended Complaint (*Spencer Lee and Erika Wesley, v. Merrit Garland*, Case 1:19-cv-01581-JMC, ECF Doc.111-1). See *Erika Wesley and Spencer Lee, v. Pam Bondi*, Case No. 1:19-cv-1581 (JMC), "Joint Motion of Defendant and Plaintiff Lee to Sever Plaintiff's Claims", ECF Doc. 118. Also, Plaintiff's present counsel, was never involved in any of the previous amendments or Amended Complaints that Ms. Lee was part of.

Ms. Lee's facts and claims are not new. They are not additions, as they existed at the time the initial Class Action was filed, and through to the Sixth Amended Complaint, that is now being amended. But making this Amendment, is the only opportunity Plaintiff has been given, to fairly present them. The facts and claims, as alleged in her Amended Complaint, are supported by Defendant's agents documented intentional and unlawful conducts against Plaintiff.

Plaintiff respectfully requests that the Court grant her Motion, because the amendment, is necessary, will create an operative Complaint in Plaintiff 's name alone - as opposed to named, in a class, or with another, even after her name has been severed from them. The Amendment sets fully, relevant and pertinent facts of Plaintiff's suit, all her claims, the basis for them, and clarifies her dispute with the FBI, in a manner that will benefit the parties, in mediation, or further litigation. The Amendment, is made in good faith, there is no undue delay, dilatory or deleterious motive, Defendant will not be prejudiced, and the Amendment will serve the ends of justice – as it will allow Ms. Lee, to finally make her case fully – something she had long asked for, but unfortunately and unfairly had been denied the opportunity to do so.

## ARGUMENT

**A.     Leave for Plaintiff to Amend Her Complaint Should be Granted Because, "Justice So Requires"**

For Amendment of Pleadings, Federal Rule of Civil Procedure ("FRCP") 15(a)'s liberal standard for granting leave to amend governs. *Jung v. Ass'n of Am. Med. Colleges*, 184 Fed. Appx. 9, 13 (D.C. Cir. 2006) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Under FRCP 15(a), after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FRCP 15(a)(2). Such leave is appropriate "in the absence of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States,* 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). See also, *Firestone,* 76 F.3d at 1208 (quoting *Forman*). The D.C. Circuit has held that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting Forman). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136 (D.C. Cir. 1989). Thus, the burden is on the opposing party to show that there is reason to deny leave. *In re Vitamins Antitrust Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003). The Supreme Court has explained: "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, she ought to be afforded an opportunity to test her claim on the merits." *Foman,* 371 U.S. at 182. "[T]he grant or denial of an opportunity to amend is within the discretion of the [trial court]." *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 330 (1971). ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."). Plaintiff's Motion is made in good faith; is not a repeated effort to

5

cure deficiencies, as Ms. Lee has made no previous requests, nor is it futile. And Defendant is yet to answer, or make any dispositive challenge to the Complaint. Ms. Lee's Motion will not cause undue delay or prejudice to Defendant as discovery is still ongoing.

**1.        The Court Should Grant Plaintiff's Motion Because There Is No Undue Delay**

Ms. Lee has not caused any undue delay, by Amending her Complaint. US Court of Appeals for the DC, has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); see also *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); *Estate of Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party."). Ms. Lee's amendment, merely states the facts of her case, and clarifies her claims, and the basis for them, without expanding or altering the scope of this action, as the facts and claims have been in existence at the time the suit was filed in 2019. Her amendment will cause no surprise to Defendant and its agents, because they have known fully well about them, from the inception, because Plaintiff's superiors who were Defendant agents, committed those alleged intentional and unlawful conducts, against her.

Although Ms. Lee recognizes the length of years this case has been going on, the cause of that, clearly has been beyond her control, and Defendant cannot use that as a legitimate argument in opposing her Motion. The parties are still at the discovery stage in this litigation. As such, there is no risk or unduly increasing discovery or delaying trial. See *N. Am. Catholic Educ. Programming Found., Inc v. Womble, Carlyle, Sandridge & Rice*, PLLC, 887 F. Supp. 2d 78, 83

(D.D.C. 2012). In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.' " *Driscoll v. George Washington Univ.,* No. 12-0690, 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)).

This amendment to the Sixth Amended Complaint, is Plaintiff's first. The Amendment has not, and will not cause any undue delay if allowed, and as such, Ms. Lee should be allowed to file her Amended Complaint.

## II. The Court Should Grant Plaintiff's Motion Because Defendant Will Not Be Prejudiced

The most important factor the Court must consider when deciding whether to grant a motion for leave to amend is the possibility of prejudice to the opposing party. *Zenith Radio Corp. V. Hazeltine Research, Inc*., 401 U.S. 321 (1971)). This court has held that an amendment does not prejudice the Defendant, among other things, "where the amendment does not substantially change the theory on which the case has been proceeding", is not "proposed late enough so that the opponent would be required to engage in significant new preparation", the issues raised are not "remote from the other issues in the case" and the "opponent could not claim surprise."  See *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (quoting *Zenit Radio Corp v. Hazeltine Research Inc*., 401 U.S. 321 (1971)). The FBI will not be prejudiced by Ms. Lee's Amended Complaint. The "'liberal concepts of notice pleading" is to make the defendant aware of the facts."  *Harrison,* 174 F.3d at 253 (emphasis added) (quoting *Hanson v. Hoffman*, 628 F.2d 42, 53 (D.C. Cir. 1980)).

Defendant and its agents are already aware of the facts and claims in the Amended Complaint. The facts and claims in Ms. Lee's Amended Complaint, are not new to the FBI and its agents whose conducts the claims are based on. Tthe fact that Defendant may prefer maintaining the status quo – the abridged version of Ms. Lee's facts and claims that has been used so far, in this litigation, against her wish, or consent, cannot be said to amount to prejudice. The inclusion of Ms. Lee's harassment hostile work environment, and retaliation claims, does not change the theory of her case from what it has indeed been, from the initial Class Action filing, but for the mistake that was made then, to include Spencer Lee as a member of that Class Action, when it was undisputably clear at that time, that her case was different from the others. And it certainly does not change the theory in the Sixth Amended Complaint. Plaintiff should not be punished for that mistake. Furthermore, the Equal Protection Clause of the Fifth Amendment directs that all persons similarly situated should be treated alike. *United States Dep't of Agriculture v. Murry,* 413 U.S. 508, 517 (1973). In the Sixth Amended Complaint, Ms. Wesley's hostile work environment and retaliation claims were included. The FBI had no issue with that, and it will be hard and telling, for it to have issue now, just because those claims are being included by Spencer Lee, an African American female, who suffered same harassment, hostility, and retaliation, in the hands of FBI agents, as Ms. Wesley, a Caucasian female, who included hers, did. Ms. Lee now demands, same equal protection under the law, as Ms. Wesley – that she be allowed to amend and include all her claims.

### III.     The Court Should Allow Plaintiff to Amend Her Complaint because Her Amendments Would Not Be Futile

Ms. Lee's proposed amendment is not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing *James Madison Ltd by*

*Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).” See also, *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." See Price v. College Park Honda, 2006 U.S. Dist. LEXIS 14906, *9-10 (D.D.C. Mar. 31, 2006) (futile motion is one "in which the amended complaint clearly would not survive a motion to dismiss"). In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).

  Ms. Lee's Amended Complaint, has sufficient and facially plausible facts and claims that will allow the Court to draw a reasonable inference that Defendant is liable for the alleged misconducts. Ms. Lee, is suing Defendant under both Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. 2000(e), et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. Both statutes, prohibit not only discrimination, but also, harassment, hostile work environment, and retaliation. In the Sixth Amended Complaint - *Spencer Lee and Erika Wesley v. Bondi*, Ms. Wesley who also claimed retaliation, harassment, hostile work environment, just as Spencer Lee has always claimed, was allowed to include those claims in that Complaint, while Ms. Lee was not. Plaintiff is not aware that Defendant has moved, to dismiss Ms. Welsley's complaint or those claims, or that the Court has granted such. Same applies to Ms. Lee's claims in that Complaint, because it is not clear to Defendant that those claims will not survive a motion to dismiss. Given that it is not clear that Ms. Lee's Amended Complaint would not survive a motion to dismiss, the Court should grant her Motion. Under the permissive standard, "that leave

9

to amend is liberally to be granted," Ms. Lee's amendments should be allowed, because she has demonstrated that her amendment would not be futile. See *Belizan v. Hershon*, 495 F.3d 686, 690 (D.C. Cir. 2007).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court grant it leave to file the attached Amended Complaint.

February 9, 2026                                   Respectfully submitted,


/s/ Charity C. Emeronye Swift_____
Charity C. Emeronye Swift (DC Bar #198209
Stephen Christopher Swift (DC Bar #428459
Swift & Swift, Attorneys at Law, P.L.L.C.
Suite 200
2121 Eisenhower Avenue
Alexandria, Virginia 22314-4688
Telephone: (703) 418 – 0000
Facsimile: (703) 535 – 8205
Email: charity@swift.law.pro
E-mail: steve@swift.law.pro

Counsel for Plaintiff, Spencer Lee